IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01820-PAB-SBP

CHRISTINA AZHARIAN,

    Plaintiff,

v.

ESTEVAN KOSLOWSKI, and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

---

# ORDER

---

This matter comes before the Court on defendant Estevan Koslowski's Notice of Dismissal and Withdrawal of Entry of Appearance [Docket No. 19].

## I. BACKGROUND

This case arises out of an automobile accident involving Christina Azharian and Estevan Koslowski. Docket No. 6 at 2, ¶¶ 8-17. Ms. Azharian filed suit against Mr. Koslowski, the driver of the car that she alleges caused the accident, and State Farm Mutual Automobile Insurance Company ("State Farm"), her insurer, in the District Court for Weld County, Colorado on March 29, 2024. *Id.* at 1. Ms. Azharian is a Colorado citizen, Docket No. 1 at 2-3, ¶ 5, and State Farm is an Illinois citizen. *Id.* at 3, ¶ 6. The record does not reflect Mr. Koslowski's state of citizenship, but the complaint alleges that he is a Colorado resident. Docket No. 6 at 1, ¶ 2. The parties, however, appear to believe that Mr. Koslowski is not merely a Colorado resident, but a Colorado citizen, and that he is therefore a non-diverse party who would prevent this case from being

removed to federal court.  *See* Docket No. 17 at 1 (explaining that defendants had improperly removed the case to federal court based on diversity jurisdiction while Mr. Koslowski was still a party to the action).

State Farm filed an answer on April 16, 2024.  Docket No. 8.  Mr. Koslowski filed an answer on May 13, 2024.  Docket No. 14.  On June 25, 2024, Mr. Koslowski filed a Notice of Settlement in the state case, stating that he and Ms. Azharian had reached a settlement, that they intended to provide an update to the court on the status of dismissal within thirty-five days, and that the case between Ms. Azharian and State Farm would continue.  Notice of Settlement at 1, *Azharian v. Koslowski*, Case No. 2024CV30276 (Weld Cnty. Dist. Ct. 2024) (No. E6315260CCF44) ("Notice of Settlement, Case No. 2024CV30276").

State Farm filed a Notice of Removal in federal court on June 28, 2024.  Docket No. 1.  State Farm, Ms. Azharian, and Mr. Koslowski filed notices of appearance within a week.  Docket Nos. 3, 4, 11, 12, 15.  Mr. Koslowski's notice explained that, while he and Ms. Azharian had filed a settlement notice with the state court, he had not yet been dismissed from that action.  Docket No. 11 at 1 n.1; Docket No. 12 at 1 n.1.

On July 11, 2024, the state court filed an order stating that "[t]he Court congratulates the parties on reaching a settlement and will await receipt of the Stipulation for Dismissal."  Order: Notice of Settlement at 1, *Azharian v. Koslowski*, Case No. 2024CV30276 (Weld Cnty. Dist. Ct. 2024).  On July 24, 2024, Ms. Azharian and Mr. Koslowski filed a stipulated dismissal in state court of the claims against Mr. Koslowski, but did not notify the state court that State Farm had removed the case to federal court.  Joint Stipulation for Dismissal with Prejudice as to All Claims Against

2

Defendant Estevan Koslowski at 1, *Azharian v. Koslowski*, Case No. 2024CV30276 (Weld Cnty. Dist. Ct. 2024) (No. C8C92FF64904C) ("Joint Stipulation for Dismissal, Case No. 2024CV30276").  The state court issued an order the next day dismissing Ms. Azharian's claims against Mr. Koslowski.  Order re: Joint Stipulation for Dismissal with Prejudice as to All Claims Against Defendant Estevan Koslowski at 1, *Azharian v. Koslowski*, Case No. 2024CV30276 (Weld Cnty. Dist. Ct. 2024) ("Order re: Joint Stipulation for Dismissal, Case No. 2024CV30276").  Six days later, on July 30, 2024, State Farm filed an Amended Notice of Removal in federal court, Docket No. 17, and filed a notice of removal with the state court.  Notice of Removal and Amended Notice of Removal at 1-2, *Azharian v. Koslowski*, Case No. 2024CV30276 (Weld Cnty. Dist. Ct. 2024) (No. 6725767650993) ("Removal Notice to State Court, Case No. 2024CV30276").  The amended notice states that "State Farm improvidently filed its Notice of Removal in this action prior to its Co-Defendant, Estevan Koslowski, being dismissed from the State Court action upon his settlement with the Plaintiff.  That dismissal has now occurred and, therefore, State Farm now files this Amended Notice of Removal."  Docket No. 17 at 1.  On October 23, 2024, Mr. Koslowski filed a notice in federal court seeking to dismiss himself from the present action.  Docket No. 19.

## II.  ANALYSIS

This case raises questions regarding the propriety of State Farm's removal notice and associated jurisdictional issues.  State Farm filed its notice of removal in federal court on June 28, 2024.  Docket No. 1.  The state court, not having received notice of the removal, dismissed Mr. Koslowski from the case on July 25, 2024.  *See* Order re: Joint Stipulation for Dismissal, Case No. 2024CV30276.  State Farm then filed an amended notice of removal in federal court, Docket No. 17, and provided notice of the

3

removal to the state court on July 30, 2024.  Removal Notice to State Court, Case No. 2024CV30276.  Thus, the Court must consider what effect, if any, the state court's July 25, 2024 dismissal of Mr. Koslowski had given that the federal court may have had jurisdiction over the case at that point.

There are three different views among courts as to when removal is effected and when jurisdiction transfers from state court to federal court.  The first view is that removal is effected and the federal court assumes jurisdiction when the notice of removal is filed with the state court.  See *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996); *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986).  The second view is that the federal court assumes jurisdiction upon the filing of the removal notice in federal court, but that the state court retains concurrent jurisdiction until the filing of the removal notice in state court.  See *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975) ("the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and [] both state and federal courts have jurisdiction until the process of removal is completed.").  The third view is that removal is effected simply by filing the notice of removal in the federal court.  See *Anthony*, 76 F.3d at 214 (citing *First Nat'l Bank v. Johnson & Johnson*, 455 F. Supp. 361, 363 (E.D. Ark. 1978)).

The Court does not need to decide among these three theories because all of them would, in this case, lead to the same result: dismissal of Mr. Koslowski from the case currently pending before the Court.  Under the first view, which holds that federal jurisdiction does not attach until the filing of the notice of removal with the state court, the Court did not have jurisdiction until July 30, 2024, when State Farm filed its removal notice with the state court.  See Removal Notice to State Court, Case No.

4

2024CV30276. At that point, the state court had dismissed Mr. Koslowski from the action. *See* Order re: Joint Stipulation for Dismissal, Case No. 2024CV30276. Under the second view, which holds that the federal and state courts possess concurrent jurisdiction during the gap in time between the filing of the two notices, the state court had concurrent jurisdiction on July 25, 2024 when it dismissed Mr. Koslowski from the action.

Under the third view – that the filing of the notice of removal in federal court immediately divests the state court of jurisdiction – the analysis is more complicated, but ultimately reaches a similar result. Under this theory, the Court had jurisdiction upon the filing of State Farm's notice of removal on June 28, 2024. But at that point, the Court had jurisdiction only to assess its jurisdiction. *See Okla. ex rel. Okla. Tax Comm'n v. Graham*, 822 F.2d 951, 955 (10th Cir. 1987), *vacated on other grounds*, 484 U.S. 973 (1987). The Court's jurisdiction depended on the facts that existed at the time the removal notice was filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). Mr. Koslowski was still a party to the case on June 28, 2024 and thus the complete diversity of citizenship required for diversity jurisdiction under 28 U.S.C. § 1332 did not exist.

The question then arose whether State Farm could cure the jurisdictional defect in the removal notice. State Farm filed an "amended" removal notice in federal court on July 30, 2024, Docket No. 17, but this alone would be insufficient to resolve the issue. While federal law does provide for the amendment of pleadings such as removal notices, *see* 28 U.S.C. § 1643; *Maggio Enters., Inc. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 930 (D. Colo. 2001), a party may only amend jurisdictional allegations if

5

jurisdiction actually existed at the time of the initial filing.  *Newman-Green, Inc.*, 490 U.S. at 830-31.  Here, jurisdiction did not exist at the time of removal on June 28, 2024 because Mr. Koslowski, a Colorado citizen, was still a party to the case.  Since there was not complete diversity of citizenship among the parties at the time of removal – and thus no federal jurisdiction at that time – State Farm was not permitted to make an amendment to its removal notice.  *Id.* at 830-31.[1]  Nor could Mr. Koslowski's "stipulated" dismissal of himself, Docket No. 19, cure the issue.  Mr. Koslowski cites no authority in support of the proposition that a defendant may unilaterally dismiss himself from an action, and the Court is aware of none.[2]

Thus, at this point, the federal action has Ms. Azharian, a Colorado plaintiff, State Farm, an Illinois defendant, and Mr. Koslowski, a Colorado defendant.  Given that 1) Ms. Azharian settled with Mr. Koslowski and has not objected in the federal case to Mr. Koslowski's dismissal, 2) State Farm's intent to proceed without Mr. Koslowski as a co-defendant, and 3) Mr. Koslowski's attempt to dismiss himself, the Court finds that, pursuant to Federal Rule of Civil Procedure 21, Mr. Koslowski should be dismissed from

---

[1] The Court understands State Farm's Amended Notice of Removal, Docket No. 17, to be an effort to cure the jurisdictional defect in the original removal notice, Docket No. 1, rather than to be a new notice of removal seeking to remove the case as of the day the new notice's filing on July 30, 2024.  The Court therefore will not consider whether it would have been sufficient for defendants to file a new notice of removal rather than an amended one, although the Court notes that there is some support for the view that a second notice of removal would be appropriate.  *See Adams v. Allstate Ins. Co.*, No. 08-cv-01567-WYD-MEH, 2008 WL 4831425, at *1 (D. Colo. Nov. 4, 2008) ("[28 U.S.C. § 1446(b)] permits defendants to file a second notice of removal if subsequent pleadings or events reveal a new and different basis for removal.").

[2] Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides for the stipulated dismissal of a defendant who has filed an answer in the case, but it only applies when all parties to the case have signed the stipulation.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Mr. Koslowski was the only party to sign the "stipulation" in question here, Docket No. 19 at 2, and thus Rule 41 is inapplicable.

the action.  *See Newman-Green, Inc.*, 490 U.S. at 832-838 (discussing the history of federal trial and appellate courts exercising discretion to dismiss non-diverse parties).  A non-diverse party is dispensable when dismissal would not prejudice either the non-diverse party or any other party.  *Id.* at 837-38.  Based on the history of this case and the filings of the parties, the Court finds that none of the parties would be prejudiced by Mr. Koslowski's dismissal.  The Court will therefore dismiss Mr. Koslowski from the case.  The Court finds that, after the dismissal of Mr. Koslowski, there will be complete diversity of citizenship between the parties and thus there will be no impediment to the Court exercising jurisdiction pursuant to 28 U.S.C. § 1332.

### III.  CONCLUSION

Therefore, it is

**ORDERED** that defendant State Farm Mutual Automobile Insurance Company's Amended Notice of Removal [Docket No. 17] is **DENIED**.  It is further

**ORDERED** that defendant Estevan Koslowski's Notice of Dismissal and Withdrawal of Entry of Appearance [Docket No. 19] is **DENIED as moot**.  It is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 21, Estevan Koslowski is **DISMISSED** from this case.

DATED May 9, 2025.

> BY THE COURT:
>
> PHILIP A. BRIMMER
> Chief United States District Judge